**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| ROBERT ROGERS AND DEPHINE MICHELLE LEWIS, individually and on behalf of all other similarly situated | : : : : : | |
| v. | : : | CASE NO.: 7:21-cv-111 (WLS) |
| KONINKLIJKE PHILIPS N.V., PHILIPS NORTH AMERICA LLC, and PHILIPS RS NORTH AMERICA LLC, | : : : : : : | |
| Defendant. | : : | |

## **ORDER**

Before the Court is Defendant Philips North America LLC's and Philips RS North America LLC's "Motion to Stay Proceedings Pending a Decision by the Judicial Panel on Multidistrict Litigation on a Motion to Transfer." (hereinafter the Motion to Stay) (Doc. 6.) Therein, Defendants request that this Court stay all proceedings in this action – including the filing of answers, motions to dismiss, initial filings under the local rules, and other responsive pleadings by all parties – pending the Judicial Panel on Multidistrict Litigation (JPML) resolution of a Motion to Transfer filed on July 7, 2021 in the case In re: Philips Recalled CPAP, Bi-Level PAP, and Ventilator Litigation, MDL No. 3014 (J.P.M.L filed July 7, 2021 (ECF No. 1-1) (hereinafter the MDL Motion.)

Defense Counsel notes in its Motion to Stay that it has conferred with opposing counsel who has indicated that they do not oppose the motion. (Doc. 6 at 2.) Defense Counsel also requests that if the JPML issues an order denying the MDL Motion, Defendant be granted 60 days from the date of that order to answer or move to dismiss the Complaint or any superseding Complaints in this action. (*Id.*, at 2 n. 1.)

Defendants request that this Court stay the present action because over sixty (60) similar lawsuits – which make similar allegations concerning Defendant's recall of certain sleep and respiratory devices – have been filed across the United States. (Doc. 6-1 at 2.) Defendants

1

contend that a stay of all proceedings pending a ruling by the JPML on consolidation is warranted for judicial efficiency and to prevent inconsistent rulings on issues that would be addressed on a uniform basis if consolidation is granted. (*Id.*, at 3.) It is Defendant's position that a stay pending the JPML's resolution of the Motion to Transfer would promote judicial economy and avoid prejudice to any party.

## DISCUSSION

The "power to stay proceedings is incidental" to the inherent power "in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see Chrysler Int'l Corp. v. Chenaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). A Court has discretion to grant a stay of proceedings in a case "pending the JPML's decision on the pending motions to transfer." *Fowler v. Hamilton Med. Ctr., Inc.*, No. 3:08-CV-0055-HLM, 2008 WL 11336192, a *2 (N.D. Ga. May 7, 2008). When evaluating a motion to stay in this context, courts consider (i) "potential prejudice to the non-moving party," (ii) "hardship and inequity to the moving party without a stay," and (iii) "judicial economy." *Id.* Federal Courts have frequently granted "stays pending transfer decisions by the JPML to avoid duplicative efforts and to promote judicial economy." *Id.* Here, the Court finds that each of the above-mentioned factors weigh in favor of granting a stay.

## I. A Stay Will Not Prejudice Plaintiffs

Here, the Court finds that a stay in this action pending a ruling by the JPML will not prejudice the Plaintiffs. A stay will not prejudice the Plaintiff's because the stay will only be in effect until the JPML issues its decision. As stays pending decisions by the JPML are usually brief, the Plaintiff will suffer little if any prejudice from the short stay. In addition, the Court notes Defense Counsel's statement that briefing on the MDL Motion was completed on August 5, 2021, that the JPML will likely consider the Motion at its September 30, 2021 hearing, and it is probable that they will issue a decision within ten days thereafter. (Doc. 6-1 at 10.) If that timeline is accurate the JPML Decision will be issued on October 10, 2021. In addition, the Court notes that Plaintiff's Counsel does not oppose the motion to stay. Finally,

even if the stay were prejudicial the Court finds that the other two factors, hardship to the Defendant and judicial economy warrant the issuance of this stay.

## II.     Failure to Issue a Stay will Harm the Defendant

The Court next finds that failure to issue a stay in this case will harm the Defendant. The Defendant will be prejudiced in two distinct ways if a stay is not issued. First, Defendant will be required to litigate duplicative matters in numerous jurisdictions and venues, thereby incurring additional costs. Second, forcing Defendant to litigate this matter in this Court could result in potentially conflicting rulings in the duplicative actions. Therefore, failure to issue a stay in this proceeding would harm the Defendant, which weighs in favor of staying this proceeding.

## III.    The Conservation of Judicial Resources Weighs in Favor of Granting a Stay

Finally, the Court finds that the requested stay will conserve judicial resources. As stated in *Faircloth v. Merck & Co., Inc.*, "one of the main purposes of the MDL proceeding is to eliminate duplicative discovery" and promote judicial economy by "enabl[ing] the MDL court to coordinate discovery efforts." No. 2:06-CV-184-RDP, 2006 WL 8437244, at *1 (N.D. Ala. Mar. 3, 2006). Here there is a possibility that the MDL will ultimately transfer this case to another district court. Therefore, addressing further motions prior to that decision could be a waste of judicial resources. For that reason, this Court finds that this factor weighs in favor of granting the requested stay.

## CONCLUSION

In conclusion this Court finds that the balance of interests is in favor of granting a stay in this action. Accordingly, the Court hereby orders as follows. Defendants Motion to Stay (Doc. 6) is **GRANTED**. This case is **STAYED** pending the resolution of the MDL Motion in *In re: Philips Recalled CPAP, Bi-Level PAP, and Ventilator Litigation*, MDL No. 3014 (J.P.M.L. filed July 7, 2021). The Clerk's Office is directed to **ADMINISTRATIVELY CLOSE** this case. If the MDL Motion is denied, the Parties shall file a motion to reopen this case to proceed with the litigation within fourteen (14) days of the denial of the MDL Motion. If the MDL

Motion is granted, the matter will proceed with direction from the MDL Court. If the Parties reach a settlement, they're hereby **ORDERED** to promptly notice this Court of the settlement.

    **SO ORDERED**, this  8th   day of October 2021.

                                    **/s/ W. Louis Sands**
                                    **W. LOUIS SANDS, SR. JUDGE**
                                    **UNITED STATES DISTRICT COURT**